**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3002-15T3

CORNELIA WRIGHT,

    Plaintiff-Appellant,

v.

PREMIER BUSINESS MANAGEMENT,

    Defendant-Respondent.

_____

        Submitted May 16, 2017 — Decided June 9, 2017

        Before Judges Fisher and Vernoia.

        On appeal from the Superior Court of New
        Jersey, Law Division, Hudson County, Docket
        No. L-6000-13.

        Feintuch, Porwich & Feintuch, attorneys for
        appellant (Donald R. Moran, on the brief).

        McDermott & McGee, attorneys for respondent
        (Joao M. Sapata, on the brief).

PER CURIAM

    In this personal injury case, plaintiff Cornelia Wright appeals from the trial's court order granting defendant Premier Business Management's motion for summary judgment. Based on our review of the record in light of the applicable law, we affirm.

The following facts, which we view in the light most favorable to plaintiff as the non-moving party, Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995), are established in the motion record. In October 2012, plaintiff was a tenant, living on the fourth floor of a Jersey City apartment building owned by defendant. On October 28, 2012, Superstorm Sandy made landfall in New Jersey, causing an electrical power outage in Jersey City that lasted for days. The apartment building where plaintiff lived was without electrical power from October 29, 2012 to November 1, 2012.

The building included two stairwells, which were generally illuminated by electrical lamps. When the electricity in the building was not working, the stairwell landings on each floor were lit by emergency lamps powered by six volt batteries. The emergency lamps were wired to the building's electrical power, which charged the batteries. When the electrical power to the building was lost, the batteries no longer received an electrical charge and the battery power to the emergency lamps was limited to six hours.

At about 9:30 p.m. on October 31, 2012, plaintiff walked down a dark stairwell in the building that was illuminated only by a small flashlight she carried in her right hand. When

plaintiff reached the last two steps in the stairwell, she mistakenly believed she had reached the ground floor, took a step, and fell. Plaintiff suffered a trimalleolar fracture with displacement of her right ankle.

Plaintiff filed suit claiming her injuries were the result of defendant's negligence. The complaint alleged plaintiff's injuries were caused by "a failure of emergency lighting which is required by numerous State and [l]ocal [c]odes," and that defendant "maintained and operated [the building] in so negligent a manner so as to cause [a] hazardous condition." Defendant's interrogatories to plaintiff asked her to describe the manner in which she claimed defendant was negligent and detail the basis for her contention that defendant maintained or created the condition she alleged caused her injury. In her sworn response, plaintiff stated only that defendant "[f]ail[ed] to abide by State and [l]ocal [b]uilding [c]odes."[1]

---

[1] Plaintiff's counsel argues defendant was otherwise negligent in creating a dangerous condition in the stairwells, but plaintiff's counterstatement of facts in response to the defendant's summary judgment motion does not include any facts supporting a claim defendant was negligent. The counterstatement of facts asserts only that the stairwell was dark when the accident occurred. In her answers to interrogatories, however, plaintiff stated only that the alleged dangerous condition was the result of defendant's failure to abide by State and local codes. Thus, there was no competent evidence submitted by plaintiff in accordance with Rule 4:46-2(b) supporting her
(continued)

Defendant filed a motion for summary judgment arguing the power outage resulted from an act of God and that plaintiff failed to provide an expert liability report supporting her claim that defendant's emergency lighting failed to comply with State and local codes. The court found the power outage was the result of an act of God and not defendant's negligence. The court further found plaintiff's claim that the emergency lighting system violated applicable building codes required expert testimony and that, because plaintiff had not provided an expert report, she was unable to sustain her burden of proving defendant's negligence. The court entered an order granting defendant's summary judgment motion. This appeal followed.

## II.

We review the grant of summary judgment de novo, applying the same standard as the trial court. Henry v. N.J. Dep't of Human Servs., 204 N.J. 320, 330 (2010). We determine whether the moving party has demonstrated the absence of genuine issues of material fact, and whether the trial court has correctly determined that the movant is entitled to judgment as a matter of law, owing no deference to the trial court's legal

(continued)
argument that defendant negligently created the alleged dangerous condition in the stairwell by a means other than failing to abide by the codes.

conclusions. <u>N.J. Dep't of Envtl. Prot. v. Alloway Twp.</u>, 438 <u>N.J. Super.</u> 501, 507 (App. Div.), <u>certif. denied</u>, 222 <u>N.J.</u> 17 (2015).

"To sustain a cause of action for negligence, a plaintiff must establish four elements: '(1) a duty of care, (2) a breach of that duty, (3) proximate cause, and (4) actual damages.'" <u>Townsend v. Pierre</u>, 221 <u>N.J.</u> 36, 51 (2015) (quoting <u>Polzo v. Cnty of Essex</u>, 196 <u>N.J.</u> 569 (2008)). Here, the court granted defendant's summary judgment motion finding plaintiff did not present sufficient evidence to sustain her burden of proving defendant breached a duty of care. We therefore focus on that element of plaintiff's negligence claim.

Generally, a "plaintiff is not required to establish the applicable standard of care" in a negligence case. <u>Davis v. Brickman Landscaping</u>, 219 <u>N.J.</u> 395, 406 (2014), <u>cert. denied</u>, __ <u>U.S.</u> __, 135 <u>S. Ct.</u> 761, 190 <u>L. Ed.</u> 2d 635 (2014). The plaintiff need only "show what the defendant did and what the circumstances were," and the jury is competent to supply the applicable standard of care by "determin[ing] what precautions a reasonably prudent [person] in the position of the defendant would have taken." <u>Sanzari v. Rosenfeld</u>, 34 <u>N.J.</u> 128, 134 (1961); <u>see also</u> <u>Davis</u>, <u>supra</u>, 219 <u>N.J.</u> at 406-07. In such cases, "a layperson's common knowledge" permits the "jury to

find that the duty of care has been breached without the aid of an expert's opinion." Giantonnio v. Taccard, 291 N.J. Super. 31, 43 (App. Div. 1996); see also Davis, supra, 219 N.J. at 407.

Where a jury lacks the competence to supply the applicable standard of care, the plaintiff must establish "the requisite standard" and the defendant's deviation from it by "present[ing] reliable expert testimony on the subject." Davis, supra, 219 N.J. at 407 (quoting Giantonnio, supra, 291 N.J. Super. at 42). In determining whether expert testimony is required, "a court properly considers 'whether the matter to be dealt with is so esoteric that jurors of common judgment and experience cannot form a valid judgment as to whether the conduct of the [defendant] was reasonable.'" Ibid. (quoting Butler v. Acme Mkts., Inc., 89 N.J. 270, 283 (1982)).

On defendant's motion for summary judgment, the court applied these principles and determined that because plaintiff's negligence claim was founded on alleged violations of State and local codes, expert testimony was required. We agree. In Davis, supra, 219 N.J. at 408-09, our Supreme Court considered whether there was a need for expert testimony to establish defendant's duty and alleged breach where plaintiff claimed defendant failed to inspect fire sprinklers in accordance with applicable fire codes. The Court observed that "fire codes and standards are

particularly complex," and determined that familiarity with the fire code standards was required to "determine the appropriate standard of care by which to assess [the] defendants' conduct." Id. at 408-09. The Court concluded that because the standards embodied in the fire codes were beyond the ken of the average juror, "identification of the relevant standard and any departure from that standard requires expert testimony." Id. at 409.

As correctly determined by the motion court, plaintiff's claim that defendant deviated from a standard of care defined by State and local codes required expert testimony. See ibid. Based on the allegations in the complaint and plaintiff's answers to interrogatories, the codes defined the standard for defendant's conduct and were the benchmark for the assessment of defendant's alleged breach of a duty owed to plaintiff. Consistent with the Court's reasoning in Davis, expert testimony was required to define the alleged standard and defendant's alleged deviation from it. Ibid.

We also reject plaintiff's argument that her cause of action is supported under the doctrine of res ipsa loquitor. The doctrine permits an inference of negligence establishing a prima facie case of negligence. Jerista v. Murray, 185 N.J. 175, 192 (2005); Mayer v. Once Upon A Rose, Inc., 429 N.J. Super. 365,

7 A-3002-15T3

373 (App. Div. 2013). To invoke the doctrine, a plaintiff must establish that "(a) the occurrence itself ordinarily bespeaks negligence; (b) the instrumentality [causing the injury] was within the defendant's exclusive control; and (c) there is no indication in the circumstances that the injury was the result of the plaintiff's own voluntary act or neglect." Szalontai v. Yazbo's Sports Cafe, 183 N.J. 386, 398 (2005) (quoting Brown v. Racquet Club of Bricktown, 95 N.J. 280, 288-89 (1984)); Mayer, supra, 429 N.J. Super. at 373.

The first factor, that the occurrence ordinarily bespeaks negligence, is dependent on "whether based on common knowledge the balance of probabilities favors negligence, thus rendering fair the drawing of a res ipsa inference." Jerista, supra, 185 N.J. at 199. Where "the res ipsa inference falls outside of the common knowledge of the factfinder and depends on scientific, technical, or other specialized knowledge . . . expert testimony [is] required." Ibid.; see Buckelew v. Grossbard, 87 N.J. 512, 528-29 (1981) (requiring expert testimony establishing the standard of care in medical malpractice case to permit res ipsa loquitor inference); cf. Mayer, supra, 429 N.J. Super. at 376-77 (finding expert testimony was not required for a res ipsa loquitor inference because it was within the common knowledge of

jurors that "too much pressure applied to glass can cause it to break").

Here, the undisputed facts showed there was an electrical outage that was beyond defendant's control, and plaintiff's negligence claim is based on alleged violations of the State and local codes. In our view, plaintiff did not establish that the probabilities favored defendant's negligence because, without expert testimony establishing the standard of care under the codes, any res ipsa loquitor inference requires a knowledge of the codes that is outside of the common knowledge of a jury. See Jerista, supra, 185 N.J. at 199. Thus, the motion court correctly determined plaintiff was not entitled to a res ipsa loquitor inference of negligence because without expert testimony, plaintiff could not establish "that it is more probable than not that the defendant's negligence was a proximate cause of the mishap." Brown, supra, 95 at 291-92 (1984); see also Jerista, supra, 185 N.J. at at 192.

The record also supports the court's finding plaintiff was not entitled to a res ipsa loquitor inference because she failed to demonstrate the functioning of the emergency lamps was within defendant's exclusive control, and there was an indication her injury "was the result of [her] own voluntary act or neglect." Szalontai, supra, 183 N.J. at 398. The undisputed facts showed

the building experienced a lengthy power outage caused by an unprecedented storm, and that the emergency lamp batteries, which were otherwise recharged by electric power, were not recharged because of the power outage. Moreover, the record shows plaintiff's injury was caused, as least in part, by her own negligence; her mistaken belief she had reached the ground floor when she took the step that caused her injury.

"Res ipsa loquitor is not a panacea for the . . . doomed negligence cause of action." Szalontai, supra, 183 N.J. at 400. A plaintiff is not entitled to prosecute a case under the doctrine "any time there is an unexplained accident for which a defendant might plausibly be responsible." Jimenez v. GNOC, Corp., 286 N.J. Super. 533, 545 (App. Div. 1996), certif. denied, 145 N.J. 374 (1996). Plaintiff did not establish any of the essential elements required for application of the doctrine and, as such, the court correctly rejected plaintiff's reliance upon it.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3002-15T3